A98A2242. RIVERS v. THE STATE.
(513 SE2d 263)

JOHNSON, Chief Judge.

Emanuel Rivers appeals his conviction of possession of cocaine. He contends that the trial court gave an erroneous similar transactions charge to the jury. We agree and reverse his conviction.

1. The trial court gave the following charge:

> Sometimes evidence is admitted for a limited purpose. Such evidence may be considered by the jury for the sole issue or purpose to which the evidence is limited and not for any other purpose.
>
> The law provides that the evidence of other transactions of this defendant that are similar in terms of course of conduct, the common design, scheme, plan, motive, location and time or place or other factors connected to the offense for which the defendant is on trial may be admissible and *may*

*be considered for the limited purpose of showing*, if it does, the identity of the perpetrator, the state of mind, and *the crimes charged in the case now on trial*.

Such evidence, if any, may not be considered by you for any other purpose.

The defendant is on trial in this bill of indictment only. And the court does not express any opinion as to whether the defendant has any other offenses or transactions. This is a matter solely for your determination.

Before you may consider evidence of similar offenses or transactions for any purpose, it must be first made to appear and you must be satisfied that this defendant is the same person to whom the evidence of similar transactions pertains. If you believe that that has been proven, however, you are strictly limited in your consideration of the evidence as to the identity, state of mind *or element of the offense charged in this indictment.*

(Emphasis supplied.)

The first paragraph of this instruction mirrors the language of the first paragraph of the charge on similar transaction evidence found in the Suggested Pattern Jury Instructions for Criminal Cases. The court's charge, however, substantially deviates from other portions of the pattern instruction which state:

The law provides that evidence of other (offenses) (transactions) of this defendant which are similar or connected to the offense for which the defendant is on trial may be admissible *and may be considered for the limited purpose of showing, if it does, the [(identity of the perpetrator) (state of mind, e.g., knowledge or intent of the defendant)] in the crime(s) charged* in the case now on trial. Such evidence, if any, may not be considered by you for any other purpose.

The defendant is on trial for the particular offense charged in this bill of indictment only, *and he/she is not on trial for the other (offense) (transaction)*. This court does not express an opinion as to whether the defendant has committed any other offense; this is solely a matter for your determination.

However, I further instruct you that before you can consider any other (offense) (transaction), for the limited purpose(s) referred to, you must first determine whether the accused committed the other (offense) (transaction); if so, whether the act was similar enough to the crime charged in the indictment, so that proof of the other (offense) (transac-

tion), *in light of the limited purpose for which it has been presented to you*, tends to prove the crime charged in the indictment.

(Emphasis supplied.) Suggested Pattern Jury Instructions (rev. November 1998), Vol. II: Criminal Cases, Part 3, Sec. O, pp. 23-24. The pattern instruction has been carefully crafted to ensure that the jury does not use similar transaction evidence in a manner not authorized by law.

(a) The concern which our Supreme Court has shown regarding the proper use of similar transaction evidence by the jury can be readily seen in the cases of *Stephens v. State,* 261 Ga. 467 (405 SE2d 483) (1991), and *Williams v. State,* 261 Ga. 640 (409 SE2d 649) (1991). The Supreme Court noted in *Williams,* supra at 641 (2) (a), that "[i]n order to protect an accused and to insure him of a fair and impartial trial before an unbiased jury, we have long embraced the fundamental principle that the general character of an accused is inadmissible unless the accused chooses to put his character in issue. [Cit.]" See OCGA § 24-9-20 (b). The general rule in Georgia is that "on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible." (Citations, punctuation and emphasis omitted.) *Stephens,* supra at 469 (6). As a corollary of these fundamental principles, where an accused is on trial for the commission of a crime,

"proof of a distinct, independent, and separate offense is never admissible, unless there is some logical connection between the two, from which it can be said that proof of the one tends to establish the other. [Cit.]" The rationale for the latter rule is that evidence of an independent offense or act committed by the accused is highly and inherently prejudicial, raising, as it does, an inference that an accused who acted in a certain manner on one occasion is likely to have acted in the same or in a similar manner on another occasion and thereby putting the accused's character in issue. An accused is "entitled to be tried for the offense charged in the indictment, independently of any other offense not connected with the transaction upon which the indictment was based." [Cit.]

*Williams,* supra at 641-642 (2) (a).

Because of the potency of similar transaction evidence in criminal prosecutions, the state understandably seeks to introduce it

whenever it can. To strike a balance between the right of the state to introduce legitimate similar transaction evidence and the right of the defendant to a fair trial, our Supreme Court has required certain affirmative showings and determinations to be made as a prerequisite to its admission. See, e.g., *Williams*, supra.

The state must first affirmatively show on the record that it is introducing similar transaction evidence "not to raise an improper inference as to the accused's character, but for some appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility." *Williams*, supra at 642 (2) (b). Because it is extremely important to a defendant's right to a fair trial that similar transaction evidence be admitted and used only for legitimate purposes, the trial court must make an express determination, as a prerequisite to admitting such evidence, as to whether the state is introducing it for an appropriate purpose. Id.

It is clear from the procedural safeguards in *Williams*, that our Supreme Court recognizes the inherent danger that exists when a jury is tendered similar transaction evidence and then misinformed as to its proper limited use. In such instances, a fair risk exists that the jury might use the evidence to convict the defendant merely because they perceive he is a person of general bad character, or, as recognized in *Williams*, supra, on the belief that because the defendant committed some other crime he must also have committed the crime with which he is charged. It is in the light of these judicial concerns and safeguards that we must now analyze the questioned jury instruction.

(b) The language in the questioned charge inadvertently but substantially expands the limited purposes for which similar transaction evidence can be used. By informing the jury that it also could consider similar transaction evidence for the purpose of showing "the crimes charged in the case," and in considering an "element of the offense charged in this indictment," a fair risk exists that the jury was confused and misled as to the proper limited use of similar transaction evidence to the prejudice of Rivers. Thus, the jury might have improperly concluded that similar transaction evidence could be directly used to prove the crime charged or one or more of its elements; for example, it might have inferred that because Rivers had committed a previous crime, he had bad character and therefore was likely to have committed the crime charged in the indictment. The Supreme Court specifically recognized this danger when it created the *Williams* safeguards. See *Williams*, supra at 641 (2) (a).

The trial court's charge was overly broad and erroneous on its face; it was not the result of a mere slip of the tongue. When an error is shown to exist in a charge, a rebuttable presumption arises that the charge is prejudicial and harmful, and this Court must so hold

unless it appears from the entire record that the error is harmless. *Foskey v. Foskey*, 257 Ga. 736, 737 (2) (363 SE2d 547) (1988); *Austin v. State*, 218 Ga. App. 90, 91 (2) (460 SE2d 310) (1995); *Chamberlain v. State*, 216 Ga. App. 207, 208 (2) (453 SE2d 793) (1995), re-affirmed by a majority special concurrence in a whole court opinion, *Moak v. State*, 222 Ga. App. 36, 43 (473 SE2d 576) (1996).

The state has not overcome the presumption of prejudice. A fair risk exists that the charging error prejudiced Rivers. "As we have no way of knowing whether the jury applied the erroneous charge in reaching their verdict," we cannot conclude that the error did not contribute to Rivers' conviction. *Chamberlain*, supra. The case of *Roberts v. State*, 267 Ga. 669, 675-676 (10) (d) (482 SE2d 245) (1997), is distinguishable. The charging error in *Roberts* resulted from a slip of the tongue, and unlike the evidence in this case, the evidence in *Roberts* was overwhelming. A new trial is required, and this case is remanded for that purpose.

2. In view of our holding in Division 1 (b), Rivers' remaining enumerations of error are not addressed.

*Judgment reversed and case remanded for new trial. Smith and Barnes, JJ., concur.*

DECIDED MARCH 1, 1999.

*Johnson, Prioleau & Kenison, Suparna Malempati*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney*, for appellee.