## A99A2460. GRIFFIN v. THE STATE.
(527 SE2d 577)

ELDRIDGE, Judge.

A Clayton County jury found Ted Lamar Griffin guilty of aggravated assault, battery, false imprisonment, and impersonating an officer. The charges arose when Griffin, out of anger, shot Raul Molina in the leg, then handcuffed him and beat him in the head with a pistol. Griffin appeals, raising 11 enumerations of error. Because each of Griffin's enumerated errors lacks merit, we affirm his conviction.

1. Griffin first contends that, between his own testimony alleging self-defense and other evidence offered by the defense, a rational trier of fact could not have believed the testimony of the victim so as to find Griffin guilty of aggravated assault. This contention, however, goes to the issue of credibility and the weight to be given the testimony of the victim. This is an issue within the jury's exclusive province. *Norris v. State*, 258 Ga. 889, 890 (1) (376 SE2d 653) (1989). "Our role is limited to evaluating the sufficiency of the evidence, not reweighing it." *Jones v. State*, 232 Ga. App. 630 (502 SE2d 557) (1998). The victim's testimony supplied the essential elements of the offenses and was corroborated by six other witnesses. Any contradictory evidence was rejected by the jury, as reflected by its verdict. Accordingly, Griffin's challenge to the sufficiency of the evidence fails. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Browning v. State*, 236 Ga. App. 893 (1) (513 SE2d 779) (1999).

2. Following a *Williams*[1] hearing, the trial court permitted the State to introduce two similar transactions. In his second enumeration of error, Griffin challenges that ruling and claims the independent acts were not sufficiently similar to the indicted act to warrant admission. The record shows that, in the first independent act, Griffin was angry with James Moore for permitting Moore's dogs to get loose. Griffin obtained a handgun, went to Moore's house, and threatened to shoot the occupants with the gun. In the second independent act, Griffin was angry with William Apple for the way in which Apple was managing their mutual business, a barbeque restaurant. Griffin obtained a handgun, went to the restaurant, and

---

[1] *Williams v. State*, 261 Ga. 640, 642 (2) (409 SE2d 649) (1991).

threatened to shoot Apple with the gun.

In the case-in-chief, Griffin was angry with Raul Molina for the way in which Molina was treating Jamie Molina, Raul Molina's ex-wife and Griffin's girlfriend. Griffin obtained a handgun, went to Jamie Molina's apartment to wait for Raul Molina to pick up his daughter for visitation, and then shot Raul Molina with the gun. All three incidents occurred in broad daylight with witnesses present. All three incidents occurred without immediate provocation, when the victims were not expecting an attack. All three incidents resulted from Griffin's anger.

We find that the independent acts were of sufficient similarity to the crimes charged so that the court did not err in admitting evidence of them for the limited purpose of showing a course of conduct by Griffin. Each incident showed Griffin's temper and his propensity to settle his disputes with a gun. See *Willis v. State*, 214 Ga. App. 479, 480 (3) (a) (448 SE2d 223) (1994). In addition, " '[s]ince appellant claimed self-defense, evidence of previous unprovoked attacks was relevant to show malice, intent, motive, and bent of mind.' [Cit.]" *Farley v. State*, 265 Ga. 622, 624 (458 SE2d 643) (1995).

3. *Enumerations of error 5 and 6.* Griffin contends that the trial court erred in refusing to admit evidence to rebut the State's similar transactions. His contentions are meritless for the reasons that follow:

(a) Griffin proffered the testimony of his neighbor, Crable, who allegedly would provide evidence that Griffin's act of arming himself when dealing with Moore's dogs was reasonable because the dogs were vicious and placed Griffin in fear. Initially, the trial court let the evidence in as rebuttal to the extent that it showed Griffin's acts were reasonable. When called to the stand, however, Crable testified about his *own* perceptions of the dogs' viciousness and his *own* fear of the dogs. He could not provide any testimony about *Griffin's* fear of the dogs so as to bear upon the reasonableness of Griffin's actions. The trial court found that *Crable's* perception of the dogs was irrelevant and ruled out that testimony. Absent a manifest abuse of discretion, a trial court's refusal to admit evidence on grounds of lack of relevance will not be disturbed on appeal. *Bevil v. State*, 220 Ga. App. 1, 2 (4) (467 SE2d 586) (1996). We find no abuse of discretion here.

(b) Griffin contends that the trial court erred by refusing to permit the introduction of certified copies of two court documents which showed a nolle prosequi was ordered as to each similar transaction incident. However, the record shows the trial court permitted the introduction of the nolle prosequi order on one of the similar transactions. As to the second similar transaction, any error in failing to admit the nolle prosequi order was harmless: the victim of the similar transaction incident testified at trial that the charges against

Griffin were dropped. "Because the document in question would have given the jury no information not already provided by other evidence concerning the incident, we find no error in the trial court's exclusion of it from evidence." *James v. State*, 270 Ga. 675, 678 (6) (513 SE2d 207) (1999).

4. *Enumerations of error 3, 4, 9 and 11.* Next, Griffin contends the trial court's final jury instructions contained several errors which require reversal. We disagree:

(a) Griffin claims the trial court's limiting instruction as to the use of similar transaction evidence was insufficient pursuant to our decision in *Rivers v. State*, 236 Ga. App. 709 (513 SE2d 263) (1999). However, the error that caused reversal in *Rivers* was not duplicated here. The jury was not permitted to use the similar acts to show any "element of the offense charged in this indictment." (Emphasis omitted.) Id. at 710. Here, the trial court twice limited the jury's consideration of the similar transaction evidence to the state of mind or course of conduct of the defendant and instructed the jury that "[s]uch evidence, if any, may not be considered by you for any other purpose." There was no error.

(b) Griffin contends the following charge was error because a defendant's knowledge of a victim's violent acts, offered as part of a justification defense, is not a relevant inquiry in a jury's consideration of such evidence:

Ladies and gentlemen of the jury, what a defendant reasonably believes may be viewed by the jury in the light of what the defendant knew as to the alleged victim's character for violence, that knowledge is relevant whether it was obtained by the defendant's experience with the alleged victim or by hearing of other specific acts of violence by the alleged victim that were not committed in his presence or by knowledge of the alleged victim's reputation for violence unconnected to any specific act. The alleged victim's violent acts against a third party, if any, are relevant in considering the defendant's claim of justification in this case.

We agree that a defendant need not have knowledge of a victim's violent acts, and, to the extent the trial court charged the jury to the contrary, the charge was wrong. *Marks v. State*, 210 Ga. App. 281, 282-283 (1) (435 SE2d 703) (1993). But considering that the trial court gave the charge only because Griffin requested it, we find no reversible error. *Taylor v. State*, 195 Ga. App. 314, 316 (4) (393 SE2d 690) (1990).

(c) Griffin contends that the trial court erroneously instructed the jury on an unindicted form of aggravated assault. That is not so.

The aggravated assault count of the indictment charged Griffin with "making an assault on the person of Raul Molina with a certain pistol, a deadly weapon." The trial court instructed the jury on the definition of "assault" and that a person commits aggravated assault when "that person assaults another person with a deadly weapon." There was no error.

(d) Also without error is the trial court's charge on voluntary intoxication. The off-duty police officer who initially detained Griffin testified that Griffin appeared to be inebriated at the time of the incident and that he could smell alcohol on Griffin's breath. "Where there is any evidence, however slight, upon a particular point, it is not error to charge the law in relation to that issue." (Citation and punctuation omitted.) *Adams v. State*, 193 Ga. App. 628 (388 SE2d 747) (1989).

5. *Enumeration of error 7.* Griffin contends the trial court abused its discretion by denying his request to voir dire a juror who informed the court during trial that her stepdaughter knew the co-defendant. However, following the trial court's denial of his voir dire request, Griffin did not object to the court's ruling, move for mistrial, or in any fashion attempt to preserve this issue for appellate review. Since he acquiesced in the trial court's ruling, this claim of error is waived. *Sanders v. State*, 181 Ga. App. 117, 120 (2) (351 SE2d 666) (1986).

6. *Enumeration of error 8.* An indictment for aggravated assault that tracks the language of OCGA § 16-5-21 (a) (2) and alleges an accused made "an assault upon the person of [victim], with a handgun, a deadly weapon," is not subject to demurrer for failure to inform the accused of the charges against him. *Wallace v. State*, 216 Ga. App. 718, 719 (1) (455 SE2d 615) (1995). Griffin's contentions to the contrary are without merit.[2]

7. *Enumeration of error 10.* Finally, Griffin alleges the trial court improperly restricted his cross-examination of the victim. However, as a factual basis for this contention, Griffin cites to a portion of the transcript where defense counsel was conducting a direct examination of a defense witness, and the trial court properly sustained an objection to an irrelevant question. Since the restriction to which Griffin directs our attention involved neither cross-examination nor the victim, there is no factual basis in the record for the legal arguments made. The error as enumerated is without merit.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

---

[2] Griffin also contends that the indictment failed to allege the essential element of "intent." But this issue was not raised as a basis for the demurrer filed below and is waived. *Sosebee v. State*, 169 Ga. App. 370, 371-372 (5) (312 SE2d 853) (1983).

DECIDED DECEMBER 30, 1999 —
RECONSIDERATION DENIED JANUARY 12, 2000 — 

*Brian Steel*, for appellant.

*Robert E. Keller, District Attorney, Staci L. Guest, Assistant District Attorney*, for appellee.