A00A0319. PARKER v. THE STATE.
(528 SE2d 530)

ELDRIDGE, Judge.

A Washington County jury found Gerald Lee Parker guilty of armed robbery, aggravated battery, and kidnapping with bodily injuries for offenses he perpetrated at Movie Gallery in Sandersville; three additional counts of the indictment involving a separate armed robbery, aggravated assault, and kidnapping allegedly committed at Handi Corner in Sandersville ended in mistrial. Without challenging

---

the sufficiency of the evidence introduced against him, he appeals. Finding no error, we affirm his convictions.

1. First, we find no error in the trial court's denial of Parker's motion to sever the offenses that occurred at Handi Corner from the offenses that occurred at Movie Gallery. Both incidents demonstrated a common motive, plan, scheme or bent of mind, as evidenced by the facts outlined below:

## Movie Gallery

On February 19, 1996, Parker entered Movie Gallery in Sandersville and browsed through the movies. The manager, who was alone in the store, was not aware that anything was wrong until she felt Parker's arm around her neck and saw a serrated knife at her throat. Parker demanded money from the cash register. He removed the money himself, taking only larger bills. He forced the manager to the back of the store and through a rear storage door. He began to stab her repeatedly. The manager pleaded successfully for her life, but not before Parker had lacerated her liver, extensively damaged her arms and hands, and caused severe internal bleeding.

## Handi Corner

Five days earlier, on February 14, 1996, the clerk at Handi Corner in Sandersville testified that Parker entered the store and waited while she finished cleaning tables. She walked back to the register. The clerk, who was alone in the store, was unaware that anything was wrong until Parker grabbed her around the neck and held a serrated knife to her throat. He demanded money from the cash register. He removed the money himself, taking only larger bills. He forced the clerk to the back of the store and through a rear exit door. He forced her into his car. The car had mechanical problems as it left the parking lot, and the clerk was able to escape as the vehicle slowed down. "When charges have been joined solely on the ground that they are of the same or similar character, severance is mandatory; if they are joined for other permissible reasons, however, the trial court has discretion on the issue of severance." (Citations and punctuation omitted.) *Pickstock v. State*, 235 Ga. App. 451, 454 (509 SE2d 717) (1998). "Offenses are not joined *solely* because they are of the same or similar character where the similarity reaches the level of a pattern evincing a common motive, plan, scheme or bent of mind." (Citations and punctuation omitted; emphasis in original.) *Whitfield v. State*, 217 Ga. App. 402, 403 (1) (457 SE2d 682) (1995). Because both the Movie Gallery and the Handi Corner incidents show a common motive, plan, scheme or bent of mind, the trial court did not abuse its discretion in denying severance in this case. *Reynolds v. State*, 234

Ga. App. 599, 601-602 (507 SE2d 814) (1998).

In addition, it is clear that, had the offenses been severed, evidence regarding the Handi Corner armed robbery would have been admissible as similar transaction evidence in the trial of the Movie Gallery armed robbery, and vice versa. Both incidents were close in time and involved a situation in which a perpetrator identified as Parker held a serrated knife to the throat of an unsuspecting, lone female employee, took larger bills from the respective cash registers, and forced the woman to the back of the respective stores. That one incident then resulted in violent injury and the other did not appears more likely due to the fortunate escape by the Handi Corner employee than any real difference in the relevant portions of the crimes. "Where the evidence of one crime would be admissible in the trial of the other crime, it cannot be said that the trial court abused its discretion in denying the motion for severance." (Citation and punctuation omitted.) *Gibson v. State*, 233 Ga. App. 838, 839 (1) (505 SE2d 63) (1998).

2. Relying on our decision in *Rivers v. State*, 236 Ga. App. 709 (513 SE2d 263) (1999), Parker contends that the trial court failed to adequately instruct the jury regarding similar transaction evidence, because the instruction failed to charge the jury in the exact language of the pattern jury instruction on similar transaction evidence, i.e., that the jury must determine "whether the act was similar enough to the crime charged in the indictment so that proof of the other, in light of the limited purpose for which it has been presented to you, needs to prove the crime charged in the indictment." (Emphasis omitted.) Id. at 710-711. However, this claim of error has nothing to do with our holding in *Rivers*.

It should be recognized that the error which required reversal in *Rivers* was the trial court's impermissible expansion of the *uses* for similar transaction evidence. In *Rivers*, the trial court specifically charged the jury that they could consider similar transaction evidence for the broad purpose "of showing 'the crimes charged in the case.'" *Rivers v. State*, supra at 712. Our holding in *Rivers* did not intend to do away with the longstanding principle that a jury charge — such as the one in the instant case — which substantially covers applicable principles of law is sufficient:

> It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error. The failure to give requested instructions in the exact language requested, where the charge given substantially covers the same principle, is not grounds for reversal.

(Citations and punctuation omitted.) *Walls v. State*, 233 Ga. App. 601, 604 (2) (504 SE2d 471) (1998); *Molaro v. State*, 236 Ga. App. 35, 38 (510 SE2d 886) (1999); *Callaway v. State*, 230 Ga. App. 369, 370-371 (496 SE2d 349) (1998).

That said, we will not reach the specific merits of Parker's claim. Parker fails to cite to any place in the record where he requested a similar transaction instruction. In addition, our review of Parker's "Requests to Charge" shows that he did not request a written jury instruction on similar transaction evidence. Accordingly, Parker cannot now complain because the instruction as given did not include the exact language he desires. *Belt v. State*, 269 Ga. 763 (505 SE2d 1) (1998); *Johnson v. State*, 236 Ga. App. 252, 254 (511 SE2d 603) (1999).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JANUARY 20, 2000.

E. Allen Smith, for appellant.
Richard A. Malone, District Attorney, Samuel H. Altman, Assistant District Attorney, for appellee.