## A09A1087. CORBITT v. THE STATE.
(688 SE2d 642)

SMITH, Presiding Judge.

Noah Corbitt appeals from his convictions for incest, rape, and four counts of child molestation. He asserts that insufficient evidence supports his convictions and that the trial court erred by admitting similar transaction evidence and in its charges to the jury. Finding no error, we affirm.

1. Corbitt contends insufficient evidence supports his convictions. We disagree.

With regard to the incest and statutory rape convictions, the evidence presented by the State showed that Corbitt had intercourse with his 13-year-old granddaughter, that she reported it to her aunt the next morning, that she went to the hospital the next day, that vaginal swabs taken from this victim revealed seminal fluid without the presence of spermatozoa,[1] that a man who has had a vasectomy would not have spermatozoa in his seminal fluid, and that Corbitt had had a vasectomy.

With regard to the child molestation convictions, one of the victims testified that in addition to having intercourse with her, Corbitt also touched her breast. Her twin sister testified that Corbitt

---

[1] Two years after the samples were taken, the State unsuccessfully attempted to obtain DNA from the swabs.

kissed her breast and placed his finger in her vagina to determine if she was a virgin.

The record also shows that 17 years earlier, Corbitt was convicted of indecent exposure after masturbating in the presence of his 13-year-old stepdaughter. He also voluntarily testified that his daughter made an allegation of molestation against him 23 years earlier for which he was acquitted.

We find the evidence more than ample to support Corbitt's convictions under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Corbitt contends the trial court erred by admitting evidence of the similar transaction involving his stepdaughter "without there being a sufficient connection between the similar act and the crime charged in this case." According to Corbitt, the similar transaction was too remote in time and not sufficiently similar because it did not involve force, touching, or intercourse. We disagree.

> The decision of a trial court to admit evidence of similar transactions will be upheld unless clearly erroneous. To be admissible for the purposes of establishing motive, intent, course of conduct or bent of mind, the State must show (a) sufficient evidence that the similar transaction occurred and (b) sufficient connection or similarity between the similar transaction and the crime alleged so proof of the former tends to prove the latter. When considering the admissibility of similar transaction evidence, the proper focus is on the similarities, not the differences, between the separate crime and the crime in question. This rule is most liberally extended in cases involving sexual offenses because such evidence tends to establish that a defendant has such bent of mind as to initiate or continue a sexual encounter without a person's consent.

(Citations and punctuation omitted.) *Payne v. State*, 285 Ga. 137, 138 (674 SE2d 298) (2009).

With regard to the lapse of time, this court has authorized the admission of similar transaction evidence that is more than 20 years old in sexual abuse cases when it involves "either a continuous course of criminal conduct, often involving different generations of the same family, or situations in which the defendant has been incarcerated for some of the intervening time." (Citations and punctuation omitted.) *Maynard v. State*, 282 Ga. App. 598, 603-604 (3) (639 SE2d 389) (2006). As this case involves different generations of the same family, the lapse in time between the similar transaction and the charged offenses did not render the similar transaction

inadmissible. See *Delk v. State*, 274 Ga. App. 261, 262-263 (2) (619 SE2d 310) (2005).

We also find no merit in Corbitt's contention that the indecent exposure incident was not sufficiently similar to allow its admission. The victim was the same age as the victims in this case, Corbitt was looking at her while he masturbated in her presence, and he asked her to pull up the bottom of her dress so he could see her leg. This evidence was sufficiently similar to demonstrate Corbitt's lustful disposition and state of mind. See *Morgan v. State*, 226 Ga. App. 327, 328 (1) (486 SE2d 632) (1997) (indecent exposure to adult admissible in child molestation case).

3. Corbitt contends that charging errors by the trial court entitle him to a new trial.

(a) In *Rivers v. State*, 236 Ga. App. 709 (513 SE2d 263) (1999), this court held that the following charge was erroneous on its face:

> Before you may consider evidence of similar offenses or transactions for any purpose, it must be first made to appear and you must be satisfied that this defendant is the same person to whom the evidence of similar transactions pertains. If you believe that that has been proven, however, you are strictly limited in your consideration of the evidence as to identity, state of mind *or element of the offense charged in this indictment.*

Id. at 710 (1). We concluded:

> The language in the questioned charge inadvertently but substantially expands the limited purposes for which similar transaction evidence can be used. By informing the jury that it also could consider similar transaction evidence for the purpose of showing "the crimes charged in the case," and in considering an "element of the offense charged in this indictment," a fair risk exists that the jury was confused and misled as to the proper limited use of similar transaction evidence to the prejudice of [the defendant]. Thus, the jury might have improperly concluded that similar transaction evidence could be directly used to prove the crime charged or one or more of its elements; for example, it might have inferred that because [the defendant] had committed a previous crime, he had bad character and therefore was likely to have committed the crime charged in the indictment.

Id. at 712 (1) (b). When such a charging error occurs, "a rebuttable

presumption arises that the charge is prejudicial and harmful, and this Court must so hold unless it appears from the entire record that the error is harmless." Id. at 712-713 (1) (b).

Because the trial court in this case gave an instruction virtually identical[2] to the one given in *Rivers*, supra, we must consider whether the record shows that the trial court's charging error was harmless. In this case, the presence of seminal fluid without sperm provided highly unusual physical evidence that Corbitt had sexual intercourse with one of his granddaughters since it was undisputed that he had had a vasectomy. We conclude based upon this overwhelming evidence that the trial court's charging error was harmless. See *Clemmons v. State*, 282 Ga. App. 261, 264 (2) (638 SE2d 409) (2006) (child's testimony and hospital examination revealing physical conditions consistent with sexual abuse provided overwhelming evidence of guilt in child molestation case); *Crosby v. State*, 240 Ga. App. 84, 85 (1) (522 SE2d 571) (1999) (victim's testimony and physician's examination provided overwhelming evidence of guilt in incest case); *Nixon v. State*, 234 Ga. App. 797, 799-800 (1) (507 SE2d 833) (1998) (testimony of multiple grandchildren and physician's findings after a physical examination of one child provided overwhelming evidence of guilt in child molestation case).

(b) We find no merit in Corbitt's contention that the trial court erred by failing to determine that the State had satisfied the three standards set forth in *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991), before allowing admission of the similar transaction evidence.

The record in this case shows that the trial court held a hearing in which the similar transaction witness testified and was cross-examined by the defense. The State also presented a certified copy of Corbitt's conviction for indecent exposure. At the conclusion of the hearing held outside the presence of the jury, the trial court ruled, "Ya'll don't need to argue. I'm going to let her testify. Okay, I think it's similar." Immediately after the witness testified, the trial court charged the jury on the limited purpose of similar transactions from the "charge book" as agreed to by both counsel. The trial court then adjourned for the day. When the trial resumed the next morning, the State asked the trial court to make a finding on the record with regard to the *Williams* requirements. The court then found on the record that the three *Williams* requirements had been proved by the State.

---

[2] "If you believe such has been proven however, you are strictly limited in your consideration of the evidence as to the identity of the defendant, the state of mind of the defendant, and elements of the offenses charged in the indictment, which are the incest, child molestation, and statutory rape."

Corbitt contends that he is entitled to a new trial simply because the trial court made the specific findings under *Williams* only *after* the witness had testified. In *Hinton v. State*, 290 Ga. App. 479 (659 SE2d 841) (2008), we concluded that no harmful error resulted from the trial court's total failure to make the *Williams* findings on the record "as the evidence presented by the State at the out-of-court hearing was sufficient for the trial court to have concluded affirmatively on the record that each of the requirements of *Williams* . . . had been satisfied." (Punctuation omitted.) Id. at 482 (3). Because the evidence at the hearing in this case was also sufficient for the trial court to conclude that the *Williams* requirements were met, we likewise conclude that no harmful error resulted from the trial court's failure to make the findings on the record before the witness testified.

(c) Corbitt also contends the trial court erred by failing to give the limiting instruction he requested at the time the similar transaction was admitted. The record shows that while defense counsel initially requested that the trial court read his suggested charge, he later acquiesced to the State's proposal that the trial court "read the one that's in the charge book." After the trial court gave the limiting instruction from the charge book, he asked counsel if there was "anything further now?" and defense counsel responded in the negative. Based on this record, we conclude that Corbitt has waived any objection he may have had with regard to the court's limiting instruction at the time the similar transaction was admitted. See *Pace v. State*, 272 Ga. App. 16, 17 (2) (611 SE2d 694) (2005) (defendant waived objection to content of limiting instruction when defense counsel agreed to it before it was read and did not object after it was given); *Turner v. State*, 235 Ga. App. 331, 332 (508 SE2d 786) (1998) (failure to renew request for limiting instruction after trial court stated intention to give as part of general charge waived right to limiting charge at time evidence introduced).

*Judgment affirmed. Phipps and Bernes, JJ., concur.*

DECIDED NOVEMBER 9, 2009 —
RECONSIDERATION DENIED DECEMBER 16, 2009 — ▮▮▮▮▮▮▮

*F. Shea Browning*, for appellant.
*Catherine H. Helms, District Attorney*, for appellee.