**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 19, 2013**

# In the Court of Appeals of Georgia

A13A1254. DODD v. THE STATE.

ANDREWS, Presiding Judge.

Following a jury trial, William Dodd appeals his conviction for possession of methamphetamine with the intent to distribute. He contends the evidence was insufficient to sustain his conviction and the State failed to prove venue beyond a reasonable doubt. He further contends the trial court's charge on similar transaction was too broad and misstated the law and the trial court erred by admitting evidence of a similar transaction. Finally, Dodd contends his trial defense counsel was ineffective for failing to object to the court's instruction on similar transactions. Because we find that the charge on similar transactions substantially expands the limited purposes for which similar transaction evidence can be used, we must reverse Dodd's conviction.

1. Dodd alleges the evidence was insufficient to convict him of possession of methamphetamine with the intent to distribute because no direct evidence showed that Dodd intended to sell the methamphetamine found in the Gatorade cap seized in his car. Dodd contends the State had the burden of showing that the circumstantial evidence excluded every reasonable hypothesis except that of Dodd's guilt of intending to distribute the methamphetamine, and it failed to carry this burden. See *Driscoll v. State,* 295 Ga. App. 5, 7 (1) (a) (670 SE2d 824) (2008).

When this Court reviews the sufficiency of evidence, "the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Dean v. State*, 273 Ga. 806, 806-807 (1) (546 SE2d 499) (2001). We review the evidence in the light most favorable to the verdict, giving deference to the jury's determination as to the proper weight and credibility to be given. Id. at 807 (1). It is the function of the jury, not an appellate court, to assess the credibility of the witnesses, to resolve any conflicting evidence, and to determine the facts. *Butler v. State*, 273 Ga. 380, 382 (1) (541 SE2d 653) (2001). If competent evidence exists, though contradicted, to support the facts necessary to prove the State's case, we will

not reverse the jury's verdict. *Childress v. State*, 251 Ga. App. 873, 876 (2) (554 SE2d 818) (2001).

Viewed in the light most favorable to the verdict, the evidence showed that Dodd was stopped by a deputy sheriff because the passenger in Dodd's car was not wearing a seat belt. After he returned to his car to check Dodd's and his passenger's names, the deputy saw the passenger throw something out of his window that was like a "puff of cloudy smoke . . . like a white, powdery looking substance just went into the air and just disappeared." The deputy removed the passenger from the car and, after learning he had an outstanding warrant, placed the passenger under arrest.

Based upon Dodd's consent to search his car, the deputy searched the car and found a Gatorade bottle cap containing a substance later determined to be methamphetamine. The deputy also found a plastic baggy containing residue of a crystal substance. The deputy testified that the baggy was a "corner baggy" of the type typically used to package drugs. After the deputy also found digital scales with a crystal substance on its face, Dodd said that he would beat the charge and that he deals jewelry on the side. Neither the crystal substance in the bag nor the crystal substance on the scales was tested for the presence of methamphetamine.

3

The State also presented evidence of two similar transactions. One involved Dodd's guilty plea to possession of a bag of methamphetamine that was found in his car after a traffic stop in Fannin County, and the other from Gilmer County, arose from drugs seized during the search of Dodd's home. An officer testified that during the search, he found several corner cut baggies containing methamphetamine, different prescription pills, scales, and a ledger containing numbers and quantities, which in accordance with the officer's expertise in drug-related crime, related to the drug dealing business.

The Fannin County similar transaction resulted from an incident in which Dodd's car was stopped for a suspected window tint violation. During the search of the car, a bag of methamphetamine was found in the driver's side door. Dodd pled guilty to possession of methamphetamine.

"Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused is primarily a question for determination by the jury." (Citations omitted.) *Haney v. State*, 261 Ga. App. 136, 138 (1) (581 SE2d 626) (2003).

> [Q]uestions as to reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that

4

the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict of guilty is unsupportable as a matter of law. It is the role of the jury to resolve conflicts in the evidence and to determine the credibility of witnesses, and the resolution of such conflicts adversely to the defendant does not render the evidence insufficient.

*Brooks v. State*, 281 Ga. 514, 515-516 (1) (640 SE2d 280) (2007) (Punctuation and citations omitted).

We conclude that the jury rationally could have found from the evidence discussed above, both direct and circumstantial, that every reasonable hypothesis was excluded except that Dodd possessed the methamphetamine with the intent to distribute it, and the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that Dodd was guilty of the offense of which he was convicted. *Jackson v. Virginia*, supra.

2. Dodd contends the trial court's initial charge on similar transactions misstated the law and was overly broad. We agree. Although objecting to the charge on other grounds, Dodd's trial defense counsel did not object on the ground that the charge was a misstatement of the law which Dodd now asserts on appeal.

When a party fails to object to a jury charge or the omission of a charge during trial but raises the issue on appeal, this Court reviews the charge for plain error. The proper inquiry is whether the instruction was erroneous, whether it was obviously so, and whether it likely affected the outcome of the proceeding.

(Citations and punctuation omitted.) *Simmons v. State*, 291 Ga. 705, 712 (9) (b) (733 SE2d 280) (2012). Therefore, even in the absence of a proper objection below, we would ordinarily consider the issue which Dodd raises on appeal for plain error. Because, however, Dodd also has challenged the performance of his defense counsel for failing to object to the charge, we must consider whether counsel's failure to object to the charge constituted ineffectiveness of counsel.

Under our law,

[t]o prevail on a claim of ineffective assistance, a defendant must show that counsel rendered deficient performance and that actual prejudice resulted. Counsel are strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment, and counsel's performance is evaluated without reference to hindsight. A petitioner has suffered actual prejudice only where there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Ineffective assistance claims are mixed questions of law

6

and fact. We accept the [trial] court's findings of fact unless clearly erroneous and independently apply the law to those facts.

(Citation and punctuation omitted.) *Head v. Hill*, 277 Ga. 255, 266 (VI) (587 SE2d 613) (2003). Further, when considering a claim of ineffectiveness, a critical distinction exists between inadequate preparation and unwise trial strategy. *Hudson v. State*, 250 Ga. 479, 486 (8) (299 SE2d 531) (1983). Especially in matters of trial tactics, a Sixth Amendment claim cannot be judged by hindsight or result. *Slade v. State*, 270 Ga. 305, 307 (2) (509 SE2d 618) (1998). In addition to establishing that his counsel's performance was deficient for failing to object to the charge given, Dodd's "burden is to show only 'a reasonable probability' of a different outcome, not that a different outcome would have been certain or even 'more likely than not.' [Cit.]" *Schofield v. Gulley*, 279 Ga. 413, 416 (I) (A) (614 SE2d 740) (2005).

Although Dodd requested the pattern jury charge on similar transaction, at the time the evidence was admitted the trial court charged the jury on this issue as follows:

> All right, ladies and gentleman, we're going to go into some evidence that sometimes evidence, this certain type of evidence, is admitted for a limited purpose. Such evidence may be considered by

7

you, the jury, for the sole issue or the purpose to which the evidence is limited, not for any other purpose.

The law provides that evidence of other offenses of this defendant that are similar in terms of his bent of mind, course of conduct, and motive to the offense for which the defendant is on trial may be admissible and may be considered for the limited purpose of showing, if it does, the state of mind, bent of mind, course of conduct, and motive of the individual and the knowledge and the intent of the defendant *and the crimes charged in the case now on trial*. (Emphasis added.)

Such evidence, if any, may not be considered by you for any other purpose.

The defendant is on trial for the particular offense charged in the bill of indictment only. The Court does not express any opinion as to whether the defendant has had any other offenses. This is a matter solely for your determination. Before you may consider evidence of other similar offenses or transactions, you must be satisfied that this defendant is the same person to whom the evidence of similar offenses or transactions pertains.

If you believe such has been proven, however, you are strictly limited in your consideration of the evidence as to his state of mind, knowledge, intent, course of conduct and motive as to the element of the offenses charged in this indictment.

8

Dodd contends that this charge is nearly identical to the charge in *Rivers v. State*, 236 Ga. App. 709 (513 SE2d 263) (1999), that this Court found to be error. In *Rivers*, the trial court gave the following charge:

Sometimes evidence is admitted for a limited purpose. Such evidence may be considered by the jury for the sole issue or purpose to which the evidence is limited and not for any other purpose.

The law provides that the evidence of other transactions of this defendant that are similar in terms of course of conduct, the common design, scheme, plan, motive, location and time or place or other factors connected to the offense for which the defendant is on trial may be admissible and *may be considered for the limited purpose of showing*, if it does, the identity of the perpetrator, the state of mind, and *the crimes charged in the case now on trial.*

Such evidence, if any, may not be considered by you for any other purpose.

The defendant is on trial in this bill of indictment only. And the court does not express any opinion as to whether the defendant has any other offenses or transactions. This is a matter solely for your determination.

Before you may consider evidence of similar offenses or transactions for any purpose, it must be first made to appear and you must be satisfied

9

that this defendant is the same person to whom the evidence of similar transactions pertains. If you believe that that has been proven, however, you are strictly limited in your consideration of the evidence as to the identity, state of mind *or element of the offense charged in this indictment*. (Emphasis supplied.) Id at 709-710.

This Court held that the charge in *Rivers*

inadvertently but substantially expands the limited purposes for which similar transaction evidence can be used. By informing the jury that it also could consider similar transaction evidence for the purpose of showing "the crimes charged in the case," and in considering an "element of the offense charged in this indictment," a fair risk exists that the jury was confused and misled as to the proper limited use of similar transaction evidence to the prejudice of Rivers. Thus, the jury might have improperly concluded that similar transaction evidence could be directly used to prove the crime charged or one or more of its elements; for example, it might have inferred that because Rivers had committed a previous crime, he had bad character and therefore was likely to have committed the crime charged in the indictment.

*Rivers*, supra, 236 Ga. App. at 712. In *Nickerson v. State*, 248 Ga. App. 829, 833 (545 SE2d 587) (2001), we explained that

[w]e reversed because the charge in *Rivers* informed the jury "that it also could consider similar transaction evidence for the purpose of showing 'the crimes charged in the case,' and in considering an 'element of the

10

offense charged in this indictment.'" [*Rivers*, supra, 236 Ga. App.] at 712 (1) (b). That charge thus created a fair risk that the jury was confused and misled as to the proper limited use of similar transaction evidence to the prejudice of the defendant. (Footnotes omitted.)

The prosecution argues that the charge given was not the same as the charge in *Rivers*, the charge given at the conclusion of the evidence corrected the problem, and the parts of the charge that are problematic may have been a transcription error because the charge given at the close of the evidence was different than the initial charge of similar transactions and was legally correct.

We cannot agree that the charge in this case was not the same as that in *Rivers*. This charge informed the jury that the similar transaction evidence "may be considered for the limited purpose of showing, if it does, the state of mind, bent of mind, course of conduct, and motive of the individual and the knowledge and the intent of the defendant *and the crimes charged in the case now on trial*." (Emphasis supplied.) The charge in *Rivers* instructed the jury that similar transaction evidence "may be considered for the limited purpose of showing, if it does, the identity of the perpetrator, the state of mind, *and the crimes charged in the case now on trial*." (Emphasis supplied.) Both charges expanded the scope for which similar transaction

11

evidence might be considered to include "the crimes charged in the case now on trial." Therefore, both charges suffer from the same infirmity.

The transcript shows that the charge given at the conclusion of the evidence charged the jury on this issue that

> [s]ometimes evidence is admitted for a limited purpose. Such evidence may be considered by you solely for the sole issue of a purpose for which the evidence is limited and not for any other purpose.
>
> The law provides that evidence of other offenses of this defendant that are similar in terms of bent of mind, course of conduct, and motive to the offense for which the defendant is on trial may be admissible and may be considered for the limited purpose of showing, if it does show, the state of mind; that is, the knowledge or the intent of the defendant in the crimes charged in the case now on trial. Such evidence, if any, may not be considered by you for any other purpose.
>
> The defendant is on trial for the particular offense charged in this bill of indictment only. I do not express any opinion as to whether the defendant has had any other offenses. That is a matter solely for your determination.
>
> Before you may consider evidence of similar offenses or transactions, you must be satisfied that this defendant is the same person to whom the evidence of similar offenses or transactions pertains.

12

If you believe such has been proven, however, you are strictly limited in your consideration of the evidence as to the purposes previously charged by the Court.

Copies of the charge given by the trial court were provided to the jurors.

Because the court informed the jury that it was "strictly limited in your consideration of the evidence as to the purposes *previously charged by the Court*," (Emphasis supplied.) this charge did not correct the problem with the initial charge, but, in fact, made it part of the charge given at the close of the evidence. Even if the final charge correctly stated the law, however, the error would not have been cured because the jury would have been given two conflicting charges. Where two or more jury instructions directly conflict with one another, a new trial is required. *Flexible Products Co. v. Ervast*, 284 Ga. App. 178, 180 (1) (643 SE2d 560) (2007).

> A charge containing two distinct propositions conflicting the one with the other is calculated to leave the jury in such a confused condition of mind that it can not render an intelligible verdict, and requires the grant of a new trial. The jury cannot be expected to select one part of a charge to the exclusion of another, nor to decide between conflicts in the charge or determine whether one part cures a previous error, without having its attention specially called thereto and being instructed accordingly.

(Citations and punctuation omitted.) Id.

Further, we cannot speculate on whether the initial charge was a transcription error. If such a mistake was made in preparing the transcript, procedures exist to correct such mistakes. See OCGA § 5-6-41. The record on appeal does not show that the prosecution took any step to correct the transcript if, indeed, such a mistake was made.

Accordingly, we find that the charge in this case created a fair risk "that the jury was confused and misled as to the proper limited use of similar transaction evidence to the prejudice of [the defendant]." *Rivers*, supra, 236 Ga. App. at 712 (1) (b). When such a charging error occurs, "a rebuttable presumption arises that the charge is prejudicial and harmful, and this Court must so hold unless it appears from the entire record that the error is harmless." Id. at 712-713 (1) (b). As we cannot say that the evidence against Dodd was overwhelming, we cannot find that this error was harmless, and thus must reverse Dodd's conviction for possession of methamphetamine with the intent to distribute. *Baird v. State*, 260 Ga. App. 661, 663-664 (1) (580 SE2d 650) (2003) ("Error in a jury charge is harmless where there is no reasonable probability that it misled the jury or permitted a defendant's conviction on an erroneous theory.") (punctuation and footnote omitted). Further, Dodd's defense counsel testified at the motion for new trial hearing that he did not object because he

14

did not see any error as the instruction was given, and not a matter of trial strategy. Accordingly, Dodd has established that his counsel was ineffective for failing to object to the charge given. Further, a reasonable probability of a different outcome exists because the charge given created a fair risk "that the jury was confused and misled as to the proper limited use of similar transaction evidence to [Dodd's] prejudice." See *Rivers*, supra, 236 Ga. App. at 712 (1) (b). Therefore, the trial court erred by denying Dodd's motion and amended motion for new trial based upon the ineffectiveness of his defense counsel for failing to object to the charge on similar transactions.

3. In view of our reversal of Dodd's conviction and the fact that the other issues he complains of are unlikely to recur upon any retrial, we need not address Dodd's other enumerations of error.

*Judgment reversed. Dillard, J., concurs. McMillian, J., concurs in judgment only.*