FINAL COPY
294 Ga. 673

S13A1524. REEVES v. THE STATE.

BENHAM, Justice.

Appellant Robert Lee Reeves, Jr., was sentenced to life imprisonment upon the jury's verdict finding him guilty of felony murder predicated upon aggravated assault.[1] The trial court denied appellant's motion for new trial brought on the ground of insufficiency of the evidence and on the ground that evidence of a prior attempted rape for which he was previously convicted was improperly admitted as a similar transaction. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the evidence showed the

---

[1] The crime occurred on or about July 28, 2009, and the Bibb County grand jury returned an indictment on May 4, 2010, charging appellant with malice murder and felony murder (aggravated assault by strangulation with his hand or another unknown object). Appellant was tried December 7 and 8, 2010, and the jury found him guilty of felony murder. The trial court also found appellant guilty of violating conditions of his probation for four other felony convictions, revoked his probation for these convictions, and sentenced appellant to life in prison to be served concurrently with the probation revocations. On December 9, 2010, appellant filed a motion for new trial which was later amended. After a hearing, the trial court denied appellant's motion for new trial by order filed October 3, 2012. Appellant filed a timely notice of appeal on November 1, 2012, and the case was docketed in this Court to the September 2013 term for a decision to be made on the briefs.

body of victim Crystal Morgan was discovered along a wooded path in Macon on the morning of July 29, 2009. The investigating officer testified that evidence at the crime scene showed there had been a struggle. The autopsy noted superficial lacerations in the anal area and inside the vagina that appeared to have occurred at or near the time of death. The victim had injuries around her neck and petechial pinpoint hemorrhages in the eyes which were consistent with strangulation. Although markings on the victim's body were more consistent with strangulation from some type of ligature, the medical examiner could not rule out manual strangulation. The victim's underpants were down to her knees and dirt was discovered on the victim's hands, face and sandals. Male DNA taken from the victim's body was placed in a sexual assault kit and was later matched to the appellant's DNA recorded in a database and also to DNA from a buccal swab taken from appellant by police investigators. No other male DNA was found in the samples taken from the victim's body. The State also presented similar transaction evidence discussed further in Division 2.

1. We reject appellant's assertion that the conviction should be reversed because the evidence was legally insufficient to support it. Although appellant presented no evidence to support it, appellant's attorney argued to the jury the

theory that appellant, in the days immediately prior to the victim's murder, had consensual sexual relations with the victim but that some other person, who had possibly used a condom, had committed the acts that ended in the victim's death. He pointed to the evidence that a condom wrapper was found at the scene of the crime close to the victim's body. Appellant argues on appeal that, because the prosecution failed to rebut this hypothesis by providing evidence of the victim's movements in the days immediately leading up to the estimated time of death and failed to establish he and the victim were strangers, it would have been irrational for any juror to dismiss the theory that his DNA was present as the result of consensual sex and that someone else had committed the crime charged. He asserts this hypothesis created a reasonable doubt based upon common sense and reason that defeats the requirement of OCGA § 24-4-6: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypotheses save that of the guilt of the accused."[2]

"Whether the evidence excludes every other reasonable hypothesis is ordinarily a question for the jury, whose finding shall not be disturbed unless the

---

[2] This evidentiary rule is now found at OCGA § 24-14-6.

verdict of guilt is unsupportable as a matter of law." *Owens v. State*, 286 Ga.

821, 825 (1) (693 SE2d 490) (2010). Further,

> circumstantial evidence must exclude only reasonable inferences and hypotheses and it is not necessary that such evidence be devoid of *every* inference or hypothesis except that of the defendant's guilt. The question of whether there was a reasonable hypothesis favorable to the accused is a question for the jury. If a jury is authorized to find that the evidence, circumstantial though it may be, is sufficient to exclude every reasonable hypothesis save that of guilt, the verdict of the jury will not be disturbed by the appellate court unless the verdict is insupportable as a matter of law.

(Citations and punctuation omitted.) *White v. State*, 263 Ga. 94, 97 (1) (428

SE2d 789) (1993). The record reflects the jury was properly charged that, in

order to convict on circumstantial evidence, "the facts must not only be

consistent with the theory of guilt, but must exclude every other reasonable

theory other than the guilt of the accused." It is apparent from the verdict that

the jury in this case found the state had excluded all reasonable hypotheses

except that of guilt. "After reviewing the evidence in a light most favorable to

the prosecution, we find that the evidence is sufficient to have authorized the

jury to find that the state excluded all reasonable hypotheses except that of the

defendant's guilt, and to have authorized any rational trier of fact to find the

4

defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Roper v. State*, 263 Ga. 201, 202 (1) (429 SE2d 668) (1993) (overruling on other grounds recognized in *Clark v. State*, 271 Ga. 6 (5) (515 SE2d 155) (1999)).

2. We also reject appellant's assertion that the conviction should be reversed because evidence of a prior offense was improperly admitted because the two transactions were not sufficiently similar.

Based on a guilty plea to criminal attempt to commit rape, entered by appellant on October 28, 1998, the state filed a notice of intent to introduce evidence of a similar transaction. After a hearing as required by Uniform Superior Court Rule 31.3, the trial court allowed the evidence to be introduced to show the appellant's course of conduct and bent of mind, after a limiting instruction was given to the jury. Before evidence of a similar transaction may be introduced, the state must make three affirmative showings: (1) it must identify a proper purpose for admitting the transaction; (2) show that the accused committed the independent offense; and (3) show a sufficient similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409

5

SE2d 649) (1991). Here, the second element is undisputed as appellant pleaded guilty to the 1998 attempted rape. With respect to the first element, the state filed a notice of intent to produce evidence of a similar transaction for the purpose of showing course of conduct, intent, modus operandi, scheme, and bent of mind, all of which were appropriate purposes under Georgia law at the time of appellant's trial.[3] The issue in this case is whether sufficient similarity exists between the two transactions. The trial court conducted the necessary hearing and, taking into consideration the challenges raised by appellant, it entered an order finding the evidence admissible because the prior transaction was sufficiently similar to the crime charged so that proof of the former tended to prove the latter. The trial court further found the relevance of the similar transaction evidence outweighed the "inherent prejudice it creates." Before the victim of the 1998 attempted rape testified at trial, the court gave appropriate limiting instructions regarding the purpose for which the jury could consider her

---

[3] Appellant was tried in 2010 under Georgia's old Evidence Code, under which courts routinely admitted similar transaction evidence for purposes such as bent of mind or course of conduct. See *Matthews v. State*, 294 Ga. 50, 52 (3) (a) (751 SE2d 78) (2013). Georgia's new Evidence Code, which applies to trials conducted after January 1, 2013, see Ga. L. 2011, p. 99, § 101, allows admission of "evidence of other crimes, wrongs, or acts" for purposes "including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." OCGA § 24-4-404 (b).

testimony.

The victim of the earlier crime testified appellant followed her when he saw her walking alone toward a store in the same area of Macon where the victim's body was discovered, and that he grabbed her around the neck, pulled her to the ground, pushed her face to the grass, tried to pull her shorts down, and, after choking her with his hands, put his fingers inside her, but she escaped. The victim's testimony established the following similarities between the two acts: the two victims were both approximately the same age at the time they were attacked; although the transcript does not establish the previous victim's race, the trial court noted in its order that both victims were young African-American women; both victims were choked or strangled; in both instances, the victim's clothing was torn and her pants or underpants were pulled down; in both instances, the victim's face was pressed into the ground and the victim was sexually assaulted; although they occurred at different locations, each attack occurred in the summer on a path through a wooded empty lot and the lots were within blocks of each other; the 1998 attack occurred at night while the victim was walking alone and the crime at issue in this case apparently occurred at night or in the pre-dawn hours also while the victim was walking alone.

7

In *Reed v. State*, 291 Ga. 10 (727 SE2d 112) (2012), this Court clarified the standard by which an appellate court reviews the trial court's ruling to admit evidence of similar transactions in a criminal case. Evidentiary rulings are reviewed under an abuse of discretion standard, which, we noted in *Reed*, is different from and not as deferential as the clearly erroneous/any evidence standard of review. Id. at 13. The trial court's factual findings, however, are accepted on appellate review unless clearly erroneous where the purpose of the finding, as in the case of a ruling on the admission of similar transaction evidence, is the application of a mandatory test. Id. at 14. Accordingly, we will not disturb the findings on the issue of similarity or connection of similar transaction evidence unless the finding is clearly erroneous. Id.

Appellant relies upon certain differences in the evidence between the two crimes, but the proper focus in a similar transaction case is on the similarities between the two transactions and not the differences. See *Hinton v. State*, 280 Ga. 811, 818 (6) (631 SE2d 365) (2006). We note that "[w]hile some aspects of the earlier crime differed from the one for which [appellant] was on trial, the similarities are striking." *Ellis v. State*, 282 Ga. App. 17, 24 (3) (c) (637 SE2d 729) (2006). Appellant also asserts the lapse in time between the two incidents

8

was too great for the similar transaction evidence to be admissible. Lapse of time between the similar transaction and the crime at issue "generally goes to the weight and credibility of the evidence, not to its admissibility." (Citation and punctuation omitted.) *Wheeler v. State*, 290 Ga. 817, 818 (2) (725 SE2d 580) (2012). Further, "[t]he exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses." *Johnson v. State*, 242 Ga. 649, 653 (3) (250 SE2d 394) (1978).[4] Just as in the *Reed* case, here the trial court's factual findings regarding similarity of the two transactions are not clearly erroneous. Thus, we find the trial court did not abuse its discretion in admitting the challenged evidence.

Judgment affirmed. All the Justices concur.

---

[4] Although appellant was not charged in this case with a sexual offense, the evidence shows the aggravated assault upon which the felony murder conviction was predicated involved a sexual assault.

Decided March 3, 2014.

Murder. Bibb Superior Court. Before Judge Christian, Senior Judge.

David J. Walker, for appellant.

K. David Cooke, Jr., District Attorney, Nancy S. Malcor, Dorothy V. Hull, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Rochelle W. Gordon, Assistant Attorney General, for appellee.