303 Ga. 530
FINAL COPY

S18A0421.  STEPHENS v. THE STATE.

PETERSON, Justice.

Stephanie Stephens appeals several convictions stemming from the death

of her child, Jewell Williams, from cocaine poisoning.[1] Stephens was ultimately

---

[1] Jewell died early on June 16, 2007. On September 29, 2008, a Bartow County grand jury returned an indictment charging Stephens with eight counts arising from Jewell's death: felony murder predicated on possession of cocaine with intent to distribute (Count 1), felony murder predicated on possession of cocaine (Count 2), felony murder predicated on cruelty to children in the second degree (Count 3), felony murder predicated on contributing to the deprivation of a minor (Count 4), cruelty to children in the second degree (Count 5), contributing to the deprivation of a minor (Count 6), possession of cocaine with intent to distribute (Count 7), and possession of cocaine (Count 8). At a May 2009 trial, Stephens was found guilty on all counts. On June 30, 2009, the trial court sentenced Stephens to four concurrent life sentences, one for each count of felony murder, and merged the underlying felonies into their corresponding felony murder counts. Stephens filed a motion for new trial on July 8, 2009, which was denied by the trial court in an order filed on November 27, 2012. The trial court granted Stephens an out-of-time appeal on March 19, 2013, and Stephens filed a notice of appeal to this Court on the same day. On October 7, 2013, this Court granted Stephens's motion for remand, based on the assertions by Stephens's then-appellate counsel that Stephens wished to raise a claim of ineffective assistance against him and that he may have an imputed conflict of interest because both he and co-defendant's trial counsel worked for the Georgia Public Defender Standards Council. New counsel filed another motion for new trial on December 6, 2013. On September 23, 2014, while that motion was pending, the trial court entered an order purporting to merge Counts 3 and 4 into Counts 1 and 2 for purposes of sentencing. In separate orders dated May 27, 2015, the trial court denied the motion for new trial but purported to merge the felony murder Counts 2, 3, and 4 into the felony murder conviction on Count 1 for purposes of sentencing and let the life sentence for

sentenced on only one count, felony murder predicated on possession of cocaine with intent to distribute. She argues that the evidence was insufficient on that count because the State failed to prove a nexus between the underlying felony and her child's death. We reject that argument, just as we rejected the same argument in the appeal of her co-defendant, with whom Stephens was tried jointly. See Williams v. State, 298 Ga. 208, 213-214 (2) (b) (779 SE2d 304) (2015). Her remaining arguments address counts that the trial court merged or effectively vacated, and thus are moot. We affirm.

Viewed in the light most favorable to the verdict, the evidence presented at trial shows that during the early morning hours of June 16, 2007, emergency personnel responded to a 911 call involving a child in distress at the home Stephens shared with co-defendant Anthony Williams and their children, including one-year-old Jewell. Jewell was taken to a hospital, where she later died of cocaine poisoning.

In Stephens's house, an officer observed a crystalline substance on the floor near the sofa that appeared to be cocaine. A vacuum cleaner in the same

Count 1 stand. Stephens timely filed a new notice of appeal, and the case was docketed to this Court's term beginning in December 2017 and submitted for decision on the briefs.

room was seized as evidence, and testing later confirmed the presence of trace amounts of cocaine inside the vacuum cleaner bag. Stephens and Williams both told the responding officer that Jewell had ingested cocaine brought into the home that night by Frieda Wofford; Williams reported that Wofford had returned later that night looking for her lost cocaine, while Stephens did not mention a return visit. A friend of Williams, Marcus Roberts, testified that a woman visited the house briefly while he and Williams were on the front porch that night. Roberts said that the woman weighed about 210 pounds and that he did not see her return. Wofford weighed about 140 pounds at the time.

Wofford testified at trial and denied that she had gone to Stephens's house either late on June 15 or the morning of June 16, 2007, but stated she had purchased crack cocaine from the home on at least five or six previous occasions. She stated that the cocaine she purchased was typically kept in the sofa or in Stephens's purse. She further testified that on the occasion of her most recent purchase prior to Jewell's death, she saw Jewell walking around the home.

Other witnesses also testified about purchasing cocaine at Stephens's home, including as late as 10:30 p.m. on the night of Jewell's death. These

3

transactions typically took place when Stephens's children, including Jewell, were in the home. One witness testified that Stephens sometimes would order the children out of the room where the drug transaction was occurring, but Jewell would typically come back into the room before the transaction was completed. Witnesses also testified that the crack cocaine they purchased from Stephens was not packaged, but "loose."

Stephens was found guilty on eight counts, four counts of felony murder and four predicate felonies: possession of cocaine with intent to distribute, possession of cocaine, cruelty to children in the second degree, and contributing to the deprivation of a minor. The trial court sentenced Stephens to four concurrent life sentences, one for each count of felony murder, and merged the underlying felonies into the corresponding felony murder counts. The trial court later entered additional orders regarding Stephens's sentencing, purporting to merge all but one of the felony murder counts into the felony murder charged in Count 1 (which was predicated on possession of cocaine with intent to distribute) and let the life sentence for Count 1 stand. This appeal followed.

1. Stephens raises several arguments as to counts that merged or were effectively vacated. But as we explained in rejecting an argument of Stephens's

4

co-defendant, whose sentencing similarly was amended by the trial court, see Williams, 298 Ga. at 208 n. 1, the merger or vacatur of all of Stephens's convictions except for her felony murder conviction on Count 1 renders moot her arguments as to any counts other than that one. See id. at 214 (3).[2]

2. As to Count 1 (felony murder predicated on possession of cocaine with intent to distribute), Stephens argues that her conviction on this count must be vacated due to the lack of a nexus between possession of cocaine with intent to distribute and the death of her child. She argues that the State failed to prove that the drug offense was dangerous per se or by its circumstances created a foreseeable risk of death. But as we explained in rejecting essentially the same argument by Stephens's co-defendant, "[t]he facts support the unmistakable conclusion that the victim ingested [the] deadly dose of cocaine after finding it in the place where [Williams and Stephens] stored it to sell to others." Williams, 298 Ga. at 214 (2) (b). Accordingly, the evidence is sufficient to support Stephens's conviction for felony murder arising out of possession of cocaine with intent to distribute. Id.

_____

[2] The State did not cross-appeal, and thus we do not consider whether the vacatur of the felony murder count predicated on cruelty to children unmerged the guilty verdict on the cruelty to children count — to which Stephens directs one of her arguments — such that a new sentence is required on that count. See Dixon v. State, 302 Ga. 691, 696 (4) (808 SE2d 696) (2017).

Judgment affirmed.  All the Justices concur.



Decided April 16, 2018.

Murder. Bartow Superior Court. Before Judge D. Scott Smith.

Steven A. Miller, for appellant.

Rosemary M. Greene, District Attorney, Stewart D. Bratcher, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Scott O. Teague, Assistant Attorney General, for appellee.