306 Ga. 97
FINAL COPY

S19A0428.  BOWMAN v. THE STATE.

BENHAM, Justice.

Appellant Michael DeWayne Bowman was convicted of malice murder and associated offenses in connection with the shooting death of Griffin Police Officer Kevin Jordan and the aggravated assault of Officer Jordan's brother, Raymond.[1]  For the reasons that

---

[1] In September 2015, a Spalding County grand jury indicted Bowman on the following twelve charges: (1) malice murder; (2) felony murder predicated on aggravated assault of a peace officer; (3) felony murder predicated on obstruction of a law enforcement officer; (4) aggravated assault on a peace officer; (5) obstruction of a law enforcement officer; (6) aggravated assault (Raymond Jordan); (7) possession of a firearm during the commission of a felony (malice murder); (8) possession of a firearm during the commission of a felony (felony murder predicated on aggravated assault of a peace officer); (9) possession of a firearm during the commission of a felony (felony murder predicated on obstruction of a law enforcement officer); (10) possession of a firearm during the commission of a felony (aggravated assault of a peace officer); (11) possession of a firearm during the commission of a felony (obstruction of a law enforcement officer); and (12) possession of a firearm during the commission of a felony (aggravated assault of Raymond Jordan).  In October 2015, the State filed its notice of intent to seek the death penalty.  Following a trial conducted January 9 — February 17, 2017, a jury returned "guilty, but mentally ill" verdicts with respect to Counts 1-6 and returned "guilty" verdicts with respect to the remaining charges.  Following the trial, the State elected to withdraw its notice of intent to seek the death penalty.  The trial court sentenced Bowman to life imprisonment without the possibility

follow, we affirm.

Viewed in the light most favorable to the jury's verdicts, the evidence presented at trial showed the following. In the early morning hours of May 31, 2014, Bowman, along with his girlfriend, Chantell Mixon, and his brother, Tyler Taylor, visited a Waffle House in Spalding County, Georgia. According to witnesses, things went "downhill" as soon as the trio arrived. Bowman, Mixon, and Taylor appeared to be intoxicated and were "obnoxious" and "loud." The trio was overheard discussing a desire to get into a fight and making threatening and derogatory comments about Officer Jordan, who was off-duty at the time but dressed in his uniform while

of parole for malice murder, a consecutive twenty-year term of imprisonment for the aggravated assault of Raymond Jordan, a consecutive five-year term of imprisonment for possession of a firearm during the commission of a felony (malice murder), and a consecutive five-year term of imprisonment for possession of a firearm during the commission of a felony (aggravated assault of Raymond Jordan). All other counts were either vacated by operation of law or were merged for sentencing purposes, and the State has not disputed the sentences. See *Dixon v. State*, 302 Ga. 691, 698 (4) (808 SE2d 696) (2017).

Bowman filed a timely motion for new trial in March 2017, which was later amended in September 2017. Following a hearing, the trial court entered an order denying the motion as amended on October 30, 2017. Bowman filed a timely notice of appeal; this case was docketed to this Court's term beginning in December 2018 and was thereafter submitted for a decision on the briefs.

providing overnight security.

At the request of Waffle House employees, Officer Jordan intervened and asked the trio to leave. Mixon hurled racial slurs at Officer Jordan as the trio was escorted out, and Mixon tried to physically assault Officer Jordan once the group reached the parking lot. Officer Jordan then announced that Mixon was "going to jail" and attempted to handcuff her, but the pair fell to the ground. As Officer Jordan knelt over Mixon attempting to handcuff her, Bowman drew his pistol and fired five shots into Officer Jordan's back, killing him. Bowman then shot wildly at various targets in the parking lot and aimed his pistol at various bystanders, including Raymond Jordan. Raymond was armed and returned fire, hitting Bowman in the face. The incident was captured on video surveillance, and the recordings were played for the jury.

At trial, Bowman pursued an insanity defense. He presented evidence of his military career — which involved combat during his three tours of active duty — and he offered extensive expert testimony concerning his resulting Post-Traumatic Stress Disorder

(PTSD) and traumatic brain injury. The defense theory was that Bowman was in a dissociative state at the time of the shooting and merely responded in accordance with his military training to what he believed was a combat situation. In rebuttal, the State presented experts who testified that Bowman was not suffering from PTSD at the time of the incident and that Bowman's actions were a result of his admitted longtime use of anabolic steroids; the trial court had its own experts examine Bowman, and they agreed with the State's experts.

1. Bowman now challenges the sufficiency of the evidence against him. This is without merit.

When we review a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict and defer to the jury's assessment of the weight and the credibility of the evidence. See *Jackson v. Virginia*, 443 U. S. 307 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

(a) Bowman first argues that the State failed to prove that he acted with criminal intent when he shot Officer Jordan because, he

claims, the State produced no direct evidence of such intent. We disagree. A jury may find criminal intent based "upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." OCGA § 16-2-6.

When Bowman, Mixon, and Taylor arrived at the Waffle House, they had been drinking and seemed "angry," and the trio were overheard discussing "kicking [Officer Jordan's] a\*\*." When Officer Jordan attempted to arrest Mixon, Bowman drew his pistol and accurately fired five shots into Officer Jordan's back; Bowman then began wildly firing at people and objects in the vicinity. The jury also received expert testimony that Bowman did not have PTSD at the time of the incident. Bowman's conduct and demeanor, as well as the circumstances surrounding the incident, evinced criminal intent authorizing the jury's verdicts. See *Fuss v. State*, 271 Ga. 319 (1) (519 SE2d 446) (1999) (finding the evidence sufficient to support a verdict of guilty but mentally ill because the trier of fact was not required to accept the testimony of Appellant's

expert).

(b) Bowman next contends that the State failed to prove that his actions were voluntary because, he says, he presented extensive expert testimony establishing that he was in a dissociative state at the time of the shooting. While there were defense experts who testified that Bowman suffers from PTSD, has a traumatic brain injury, and was in a dissociative state at the time of the incident, the State countered this testimony at trial. Experts for both the State and the trial court testified that Bowman's actions were not the result of PTSD or a traumatic brain injury. Thus, the jury was authorized to believe the State and trial court's experts over the defense's experts and find that Bowman's acts were voluntary. See *Jackson*, 443 U. S. 307 (III) (B); *Buford v. State*, 300 Ga. 121 (1) (b) (793 SE2d 91) (2016) (citing *Fuss*, 271 Ga. 319 (1)).

(c) Bowman also argues that no rational jury could have concluded that he failed to meet his burden of showing that he was not guilty by reason of insanity. We disagree.

In Georgia, a defendant is presumed to be sane and "a

defendant asserting an insanity defense has the burden to prove by a preponderance of the evidence that he was insane at the time the crime was committed." *Buford*, 300 Ga. at 122 (citing *Alvelo v. State*, 290 Ga. 609 (3) (724 SE2d 377) (2012)). A defendant may prove insanity by showing that, at the time of the incident, he lacked the mental capacity to distinguish right from wrong or that he was suffering from a delusional compulsion. See OCGA §§ 16-3-2 and 16-3-3; *Buford*, 300 Ga. 121 (1) (b). Unless the evidence of insanity is overwhelming, the jury's verdict on the issue should be upheld. *Boswell v. State*, 275 Ga. 689 (2) (572 SE2d 565) (2002).

As discussed above, there was competing expert testimony concerning Bowman's sanity, and the jury was not required to accept the opinion of the defense experts. See *Buford*, 300 Ga. 121 (1) (b); *Fuss*, 271 Ga. 319 (1). Therefore, viewing the evidence in the light most favorable to the verdicts, the jury was authorized to conclude that Bowman failed to show that he was not guilty by reason of insanity. See *Jackson*, 443 U. S. 307 (III) (B); *Buford*, 300 Ga. 121 (1) (b).

2. Finally, Bowman argues that the State failed to prove that Officer Jordan was acting as a law enforcement or peace officer at the time of the crime. However, the counts about which Bowman complains were either vacated by operation of law or merged for sentencing purposes. Therefore, this argument is moot. See *Stephens v. State*, 303 Ga. 530 (1) (813 SE2d 596) (2018).

Judgment affirmed. All the Justices concur.

Decided June 3, 2019.

Murder. Spalding Superior Court. Before Judge Sams.

Nathanial L. Studelska, Gabrielle A. Pittman, for appellant.

Benjamin D. Coker, District Attorney, E. Morgan Kendrick, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew B. Crowder, Assistant Attorney General, for appellee.